TüRley, J.
delivered the opinion of the court.
On the 12th of September, 1839, complainant recovered a judgment in the circuit court of Davidson, against W. J. Lea, a citizen of Robertson county, for the sum of $878 — upon this judgment a writ of fieri facias bearing test the 2d Monday in January, 1840, was issued and directed by mistake to the sheriff of Sumner county, that being supposed to be the place of residence of thedefendant in the execution.
This mistake being discovered, the writ offieri facias was withdrawn from the hands of the sheriff of Sumner before any steps had been taken for its execution, its direction was changed by the clerk of the Davidson court and placed in the hands of the sheriff of Robertson, the true residence of the defendant, on the 2d day of May, 1840.
Previous to this, viz, on the 27th of April, 1840, judgments were rendered on several claims before a justice of the peace, for Robertson county, in favor of Saunders and Martin, the defendants to this suit, against said W. J. Lea. Executions were issued and levied on the same day on the property in dispute being all of the goods and chattels of the said W. J. Lea, and the goods advertised to be sold on the 12th day of May, 1840, on a credit. This was done by agreement, between said Saunders and Martin and Wm. J. Lea. The sheriff of Robertson county went to levy the execution of complainant on the property, but the constable who claimed it by virtue of his previous levy, refused to permit it. And this bill was filed on the 5th day of May, 1840, to enforce the lien of complainant’s execution and stop the sale of the constable; subsequently however the goods were sold, by agreement between the parties, *433 by the constable, subject to the opinion of the court of chancery as to whom the proceeds should be given. Upon the hearing, the Chancellor decided that complainant was entitled by virtue of the lien of his execution to priority of satisfaction, and directed an account for that purpose, from which decree there is an appeal to this court. The complainant’s rightto relief is urged upon two grounds.
1.- That issuance of the execution to Sumner county estop-ped him from issuing another bearing test of the same term, to Robertson county, and that he had no power to withdraw the execution from the hands of the sheriff of Summer, and have its direction changed to the sheriff of Robertson.
2. That a court of chancery has no jurisdiction as to the relief ashed.
Upon the 1st point — The question as to the right to issue several executions upon the same judgment bearing test of the same term, and directed to different counties, has never been made as it is believed in our courts; the practice, though, as far as our knowledge extends, has been to issue but one, running from term to term; but this has not been the result of judicial determination, and it is by no means certain that a different practice would not be warranted by law. It is so in England and some of the United States. We do not venture to determine it in the present case, but leave it open for discussion, when it may directly arise. In the case under consideration two executions were not run at the same time; one was issued, and by mistake misdirected, but before any action had on it, the mistake was discovered and corrected, and the writ sent to the proper officer. This we think the plaintiff in the execution had a right to do, and that the execution when it came to the sheriff of Robertson county, stood in all particulars, as if it had never been in the hands of the sheriff of Sumner, but had been properly directed in the first instance, and that it therefore created a lien upon all the personal property of W. J. Lea, in the county of Robertson, from the 2d Monday in January, 1840, the date of the test, and overreached the lien of the defendants acquired by the levy oí the constable, made on the 27th day of *434 April, 1840, by virtue of executions issued by a justice of the peace.
But 2d. — How is the superior lien of the complainants to be enforced under the circumstances attending the case?
The constable had the property in his possession, claiming it under his levy and refused to surrender it. If the complainant had the right to have the property seized by his execution, this right was defeated by the acts of the defendants and their constable in withholding it from him, and threatening to proceed and sell without regard to his superior lien.
The sheriff could of consequence make no levy, and the complainant would be entitled to come into a court of chancery to remove the obstacles placed in his way by the defendants, to enjoin a sale of' the property and have it delivered up to his execution.
But supposing that the levy of the constable placed the property in custodia legis, and that in consequence thereof the sheriff could make no other levy by virtue of his execution, the case would be still stronger in favor of the defendant’s right to come into a court of chancery — it being the only place where he could get relief in such case. So we hold that the complainant’s right to redress in a court of chancery is complete on either-ground. If he could legally seize the property, notwithstand the previous levy by the constable, he could ask a court of chancery to remove the obstacles thrown in his way by the defendants. If he could not make a legal levy, he had a right to ask the protection of a court of chancery for his superior lien.
The decree will therefore be affirmed.